UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dale Erickson, Diane Erickson, and Dustin Erickson, | Civil No. 09-3044 (DWF/JJG) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Messerli & Kramer P.A., | |
| Defendant. | |

_____

Thomas J. Lyons, Esq., Lyons Law Firm, P.A., and Trista M. Roy, Esq., Consumer Justice Center PA, counsel for Plaintiffs.

Amanda E. Prutzman, Esq., Eckberg, Lammers, Briggs, Wolff & Vierling, P.L.L.P.; Derrick N. Weber, Esq., and Jennifer M. Zwilling, Esq., Messerli & Kramer PA; and Truman W. Schabilion, Esq., Stein & Moore, P.A, counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on a Motion for Attorneys' Fees and Costs brought by Plaintiffs Dale Erickson, Diane Erickson and Dustin Erickson. For the reasons set forth below, the Court grants Plaintiffs' motion in part.

## BACKGROUND AND DISCUSSION

In 2002, Dale Erickson was issued a credit account from FIA Card Services, N.A. ("FIA"). Dale Erickson used, and eventually defaulted on, the account. FIA placed Dale's account with Defendant Messerli & Kramer, P.A. for collection. In attempting to collect the debt, Defendant's former agent placed several calls to Plaintiffs' residence.

Plaintiffs alleged that those calls violated the Fair Debt Collections Practices Act ("FDCPA") and the calls became the subject of the present lawsuit.

Both parties filed motions for summary judgment.  By Order dated May 16, 2011, the Court granted in part and denied in part both Plaintiffs' and Defendant's motions. (Doc. No. 76.)  On June 7, 2011, the parties participated in a settlement conference, during which a settlement was reached.  (Doc. No. 78.)  The issue of attorney fees remained unresolved.  (*Id.*)  On June 8, 2011, Magistrate Judge Jeanne J. Graham issued an Order Scheduling Attorneys' Fees Petition, instructing the parties to exchange information regarding Plaintiffs' petition for fees.  The parties met and conferred to discuss Plaintiffs' petition but were unable to reach an agreement as to the amount of attorney fees and costs.

Plaintiffs now seek an award of attorney fees in the amount of $35,979.26 and costs in the amount of $3,114.02, for a total award of $39,093.28.  Defendant opposes the motion arguing that Plaintiffs' request is unreasonable and that Plaintiffs' counsel unnecessarily prolonged the litigation.

Defendant does not dispute that a plaintiff who is successful under the FDCPA is entitled to an award of costs and reasonable attorney fees.  15 U.S.C. § 1692k(a)(3) (providing that a debt collector who fails to comply with the terms of the FDCPA will be liable "in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court").  Instead, Defendant contests the amount of Plaintiffs' requested fees.

In calculating reasonable attorney fees, the Court begins by calculating the "lodestar"—the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997).

Plaintiffs seek to recover fees based on the following lodestar analysis:[1]

|  | Hours | Rate | Subtotal |
|---|---|---|---|
| Trista M. Roy | 99.14 | $250.00 | $24,785.00 |
| Thomas J. Lyons, Jr. (as attorney) | 10.78 | $300.00 | $3,234.00 |
| Thomas J. Lyons, Jr. (as legal assistant) | 39.83 | $200.00 | $7,966.00 |
| Total | 149.75 |  | $35,985.00 |

Plaintiffs support their requested fees with billing records setting forth the time expended on the matter. Defendant asserts that the requested total is unreasonable. In particular, Defendant contends that Ms. Roy's requested rate of $250 per hour is unreasonable for an attorney with Ms. Roy's years of practice (three plus years) and in excess of the prevailing market rate for attorneys with similar experience. Defendant contends that a reasonable hourly rate would be $195 per hour. The Court disagrees. While Ms. Roy has under four years of experience, she acted as the lead counsel on this

---

[1] Plaintiffs submit that Ms. Roy's fees totaled $24,782.23. The Court's calculation of her fees is actually $24,785.00 (99.14 hours at $250 per hour).

case and practices exclusively in the area of consumer law with a focus on FDCPA litigation. Her hourly rate is consistent with prevailing market rates. *See, e.g.*, *Phenow v. Johnson, Rodenberg & Lauinger, PLLP*, 766 F. Supp. 2d 955, 958 (D. Minn. 2011) (finding that the hourly rate of $225 per hour for a "second chair" associate was reasonable).

Defendant also contends that Mr. Lyons, Jr.'s rate of $200 for legal assistant work is unreasonable because Mr. Lyons, Jr. did not perform any unusual tasks and even though Mr. Lyons, Jr. is experienced as an attorney in this area of the law, the skills required of a legal assistant are significantly different.[2] The Court agrees in part with Defendant and concludes that a reasonable rate for Mr. Lyons, Jr.'s work as a legal assistant is $150 per hour. With that adjustment taken into account, the lodestar analysis is as follows:

|  | Hours | Rate | Subtotal |
|---|---|---|---|
| Trista M. Roy | 99.14 | $250.00 | $24,785.00 |
| Thomas J. Lyons, Jr. (as attorney) | 10.78 | $300.00 | $3,234.00 |
| Thomas J. Lyons, Jr. (as legal assistant) | 39.83 | $150.00 | $5,974.50 |
| Total | 149.75 |  | $33,993.50 |

Defendant also contends that the number of hours expended are unreasonable because they include time related to an unsuccessful motion to compel, Plaintiffs' motion to amend the scheduling order and Complaint, and Defendant's motion to compel, which Defendants argue was necessitated by Plaintiffs' failure to respond to discovery. In

---

[2] Mr. Lyons, Jr. billed 10.78 hours at $300 per hour (a rate to which Defendant does not object) and 39.83 hours at $200 per hour as a "senior legal assistant."

4

addition, Defendant argues that if the Court is inclined to consider Plaintiffs' request for fees associated with Defendant's motion to compel, any award should be offset by $1,550.00 in fees for which a request was left open by the Court. Defendant further argues that Plaintiffs' fees are duplicative, excessive, and gratuitous.

The Court has reviewed the billing records and the parties' arguments and finds that Plaintiffs' fee request contains charges that are excessive. Thus, the Court concludes that Plaintiffs' fee request is appropriately reduced by 30% and that a fee award in the amount of $23,795.45 (30% of $33,993.50) is fair and reasonable.[3] The Court also adds $1,250 that Plaintiffs seek for drafting the reply to the present motion. Therefore, the Court awards a total of $25,045.45.

Plaintiffs also seek $3,114.02 in costs. In particular, Plaintiffs seek: $190.36 in postage/copies; $350 in filing fee; $2,004.63 for service of process and depositions; $416.97 in research; and $152.06 for Ms. Roy's travel, depositions, court hearing, parking, mileage, and lunch expense. Defendant contends that this request is unsupported and insufficiently documented. In particular, Defendant asserts that Plaintiffs' counsel failed to itemize basic costs or provide adequate receipts. With the exception of the cost for "lunch expense," the Court finds all other costs reasonable. The Court reduces the costs by $20, and thus awards costs in the amount of $3,094.63.

---

[3] A significant, but not exclusive, reason for the Court's deduction is based on the fact that Plaintiffs' original complaint contained several allegations regarding the nature of Defendant's communications with Plaintiffs that were not supported by audio recordings of the contested phone calls. This contradiction led to Plaintiffs moving to amend their Complaint.

Finally, Defendant contends that Plaintiffs' counsel did not proceed in good faith to resolve this case or the current fee dispute. The Court has considered Defendant's argument in light of the record and finds that it lacks merit.

## CONCLUSION

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. [79]) is **GRANTED IN PART** as follows: Plaintiffs shall recover attorney fees in the amount of $25,045.45 and costs in the amount of $3,094.63, for a total award of $28,140.08.

Dated:  August 25, 2011                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge